IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BERGER,** *et al.* | : |
| | : |
| Plaintiffs, | : Case No. 2:06-cv-949 |
| | : |
| v. | : **JUDGE ALGENON L. MARBLEY** |
| | : |
| **SANDLIAN MANAGEMENT** d/b/a Car Go Self | : |
| | : |
| | : |
| Defendant. | : |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court for consideration of Defendant's Motion to Dismiss the Complaint Pending Arbitration or, alternatively, for a stay pending arbitration. In its Motion, Defendant asks this Court to dismiss, or alternatively, stay this claim pending arbitration pursuant to 9 U.S.C.§ 1 *et seq.* (the Federal Arbitration Act, "FAA"). In the alternative, Defendant asks this Court to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant, however, does not adequately brief the 12(b)(6) motion to warrant this Court's consideration. Thus, the Court will treat Defendant's motion only as a motion to dismiss under 9 U.S.C. § 1 *et seq.* For the reasons set forth herein, the Court **GRANTS** Defendant's Motion to Dismiss the Complaint Pending Arbitration.

**II. BACKGROUND**

**A. Facts**

Sandlian Management ("Defendant") is a corporation doing business in Franklin County, Ohio. Defendant hired Ellen Berger and Megan Ballman (collectively, "Plaintiffs") in July 2005

as managers of a Car-Go storage facility in Columbus, Ohio. On July 25, 2005, Plaintiffs executed an employee agreement ("Agreement") with Defendant, as was consistent with Defendant's procedures. Included in the Agreement was the following arbitration clause:

> As a condition of employment with the company, the employee agrees that any complaints or disputes, between the employee and the company, arising out of or relating to the company's consideration of the employee for employment, the terms and conditions of the employee's employment, the term of the employee's employment with the company, which cannot be resolved internally, shall be submitted to binding arbitration. Additionally, all complaints or disputes between the employee and the company that may involve federal and/or state employment statutes . . . shall be submitted to binding arbitration. Such arbitration will be submitted to an impartial arbitrator who is agreed upon by the employee and the company. The employee and the company further agree that this provision, regarding the submission of complaints or disputes to binding arbitration, shall have the effect of waiving either party's right to a trial by jury to resolve any complaints or disputes between the employee and the company . . . .

(¶ 11 *Agreement*).

Subsequent to signing the Agreement, Plaintiffs performed their assigned duties, and even worked more hours than required. Nearly one month into their employment, however, Plaintiffs became dissatisfied with Defendant. Plaintiffs wrote a letter to Defendant, in which they voiced concerns with work-related issues. Specifically, Plaintiffs noted Defendant's failure to fulfill its contractual obligations, accommodate Plaintiffs' disabilities, and address Plaintiff's request for clarification of job duties. Generally, Plaintiffs expressed their displeasure with the manner in which Defendants treated them.

Approximately one week following Plaintiffs' submission of the letter, Defendant terminated Plaintiffs' employment. Additionally, Defendant forced Plaintiffs to vacate their employer-owned residence within 48 hours of their termination. As a result of these actions, Plaintiffs allege that Defendants caused substantial emotional and financial hardship for

Plaintiffs.

## B.  Procedural History

On October 20, Plaintiffs filed their initial complaint (the "Complaint") against Defendant in the Franklin County Common Pleas Court.  The Complaint sets forth several counts, each arising out of Plaintiffs course of employment with Defendant.  Plaintiffs request various forms of relief, including a declaratory judgment that Defendants violated Plaintiffs' rights (under OHIO REV. CODE Chapter 4112 and Ohio Common Law), reimbursement for lost pay, compensatory and punitive damages, attorney's fees, costs, and disbursements.

Defendant timely removed this action on November 13, 2006.  On November 29, 2006, Defendant filed a Motion to Dismiss the Complaint Pending Arbitration.  Plaintiffs then filed a Response in Opposition to Defendant's Motion to Dismiss the Complaint Pending Arbitration and Defendant timely replied.  Accordingly, Defendant's Motion is now ripe for this Court's review.

## III.  STANDARD OF REVIEW

Pursuant to 9 U.S.C. § 3,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

Notwithstanding the plain language of the statute, however, the Sixth Circuit has interpreted section 3 as allowing dismissal of cases in which all claims are referred to arbitration. *See Hensel v. Cargill, Inc.*, 1999 WL 993775, at *4 (6th Cir. Ohio Oct. 19, 1999); *see also Alford v. Dean Witter Reynold Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that dismissal

is proper where all claims must be submitted to arbitration); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding that 9 U.S.C. § 3 does not preclude dismissal).

Moreover, the claim will be precluded from arbitration only in the presence of an express provision excluding a specific dispute, or "'the most forceful evidence of a purpose to exclude the claim from arbitration.'" *Masco Corp. v. Zurich American Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (citations omitted). Last, this Court views matters such as this in light of this Circuit's strong presumption in favor of arbitration for all related claims encompassed by an arbitration clause. *See Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 578 (6th Cir. 2003) ("[i]t is well established that any doubts regarding arbitrability *must be resolved in favor of arbitration*." (emphasis added)).

## IV. ANALYSIS

In their response to Defendant's Motion to Dismiss or Stay, Plaintiffs oppose the *cost* of arbitration–not the administration of the process itself. Thus, because Plaintiffs concede the propriety of arbitration in this case, this Court will briefly explain why the claims at issue are subject to arbitration, and then, in turn, discuss Plaintiff's contention that the cost of arbitration should invalidate their arbitration agreement.

### A. All Claims Referable to Arbitration

When determining whether claims are referable to arbitration, the Court uses a two-prong test. Relying on the Sixth Circuit's holding in *Masco Corp.*, this Court must determine: (1) Whether a valid agreement exists; and (2) whether the dispute falls within the scope of the agreement. 382 F.3d at 627. In making this determination, this Court neither overrides the clear intent of the parties, nor reaches a result inconsistent with the plain language of the agreement.

*See id.*

First, it is undisputed that a valid agreement exists in the paragraph 11 of the Agreement. Nowhere in Plaintiff's Complaint or Response Motion is there argument to the contrary. Plaintiffs and Defendant entered into the Agreement of their own volition, and this Court finds a meeting of the minds as to the terms of the Agreement. Thus, this Court finds that there is a valid agreement to arbitrate this dispute.

Second, the language of the Agreement makes it abundantly clear that the dispute in the instant case falls within the scope of the Agreement: "I and SOI mutually agree that *any legal dispute* involving . . . any . . . employee . . . arising from or relating to my employment . . . or termination from employment will be resolved *exclusively* through binding arbitration . . . ." (emphasis added). Consequently, this Court finds there to be no question as to whether the disputes arising out of the course of employment are encompassed in scope of the clear, straight-forward language of the Agreement. Therefore, having satisfied both prongs of the *Masco Corp.* test, this Court finds that all claims in the present action are referable to arbitration.

### B. Prohibitive Cost of Arbitration

Addressing the issue of potentially prohibitive price of arbitration, the Supreme Court announced the following standard: "[W]here . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 92 (2000). In *Green Tree*, the Supreme Court found that the plaintiff failed to meet her burden because the record was silent as to who would will bear the costs of litigation. *Id.* at 91. Additionally, the record did not provide sufficient basis to conclude that the

plaintiff would have incurred costs in the event of arbitration. *Id.* Thus, *Green Tree* places on the party seeking to invalidate the arbitration agreement the burden to establish more than mere speculation as to the risks arising out of arbitration costs.[1]

Based on this reasoning in *Green Tree*, this Court requires the party challenging the arbitration agreement to meet the minimum threshold of producing sufficient factual allegations demonstrating the prohibitive nature of the arbitration.

In this case, Plaintiffs proffer statements in opposition to the costs of arbitration. They state that they are indigent, and have had difficulty obtaining comparable employment due to disabilities at issue. While this Court is not without sympathy for the plight of the Plaintiffs, it finds that Plaintiffs have failed to meet their burden required by *Green Tree*. Neither Plaintiffs's brief nor the Agreement itself discuss the costs of arbitration, and as a result, the record is replete of anything more than speculation. For these reasons, Plaintiffs's argument that the costs of arbitration cannot defeat Defendant's Motion to Dismiss.

The last question before the Court is whether to dismiss or stay the case. In *Alford v. Dean Witter Reynold Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), the Fifth Circuit reasoned as

---

[1]In addition to *Green Tree*, the Ohio Court of Appeals in *Garcia v. Wayne Homes, LLC*, 2002 WL 628619 at *13 (2d Dist. April 19, 2002) stated that:

> . . . , proof of costs alone will not invalidate an arbitration clause. Appellants produced no evidence of the expected cost differential between arbitration and litigation in court. . . . Moreover, Appellants did not claim that arbitration costs were so substantial as to deter them from bringing their claims or that arbitration was an unreasonable alternative to the judicial forum and that hey did not have an adequate and accessible substitute forum in which to resolve their claims. Therefore, Appellants failed to produce sufficient facts or allegations supporting their claim that the undisclosed costs of arbitration rendered the provision unconscionable.

follows:

> Although we understand the plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to judicial review of the arbitrator's award in the limited manner prescribed by law.

Here, just as in *Alford*, all issues are arbitrable. Moreover, retaining jurisdiction over this action and staying the action will serve no meaningful purpose. Therefore, because all of Plaintiffs's claims are subject to arbitration, this Court dismisses this case pending arbitration.

### V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint Pending Arbitration is **GRANTED**.

**IT IS SO ORDERED.**


      s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: August 9, 2007**